IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**UNITED STATES OF AMERICA**,

v.

**EDWARD MINCEY**,                                    Case No. 7:15-CR-3 (HL)

          Defendant.

## ORDER

Before the Court is Defendant Edward Mincey's Motion for a Jury Trial
(Doc. 62).  For the reasons discussed below, Mr. Mincey's Motion is denied.

## I.    FACTS

Defendant Edward Mincey pled guilty to Possession with the Intent to
Distribute Cocaine and Possession with the Intent to Distribute Marijuana on
January 14, 2016.  Mr. Mincey was scheduled for sentencing before the Court on
March 23, 2016.   Prior to sentencing, Mr. Mincey filed Objections to the
Presentence Investigation Report.  (Doc. 56).  Among other things, Mr. Mincey
objected to the United States Probation Office's drug calculation, which equated
3,4-Methylenedioxymethcathinone ("Methylone") to MDMA at a conversion ratio
of one to one.  (Doc. 56, pp. 12–14).   In response to this objection, the
Government filed a Motion to Continue Sentencing, requesting a continuance in
order to obtain expert testimony on the conversion of Methylone to MDMA for
purposes of sentencing.  (Doc. 60).  At Mr. Mincey's sentencing hearing, the

Court heard argument on the Government's Motion to Continue and it was granted.  Mr. Mincey's sentencing was continued until April 13, 2016.

Following the continuance, Mr. Mincey filed a Motion demanding a jury trial on three issues: (1) whether Methylone has an analogue; (2) what that analogue is; and (3) what the proper conversion ratio is between Methylone and its analogue.  (Doc. 62).  Mr. Mincey argues that the determination of these issues could increase the penalty to which he is exposed, and consequently, should be made by a jury.  In support of this argument, Mr. Mincey cites the United States Supreme Court's decisions in <u>Apprendi v. New Jersey</u>[1] and <u>Alleyne v. United States</u>[2].

## II.    ANALYSIS

Prior to imposing a sentence, federal courts must consult and take into account the Federal Sentencing Guidelines.  <u>United States v. Booker</u>, 543 U.S. 220, 224 (2005).  However, the Guidelines are an advisory rather than a mandatory regime.  <u>Id.</u> at 246.  As a result, the use of the Guidelines does not implicate the Sixth Amendment right of a criminal defendant to a jury trial.  <u>Id.</u> at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the

---

[1] 530 U.S. 466 (2000).
[2] 133 S.Ct. 2151 (2013).

Sixth Amendment."). Rather, when a criminal defendant raises a challenge to a fact on which his sentence is based, "the Government has the burden of establishing the disputed fact by a preponderance of the evidence. This burden must be satisfied with reliable and specific evidence." United States v. Gupta, 572 F.3d 878, 887 (11th Cir. 2009) (citation omitted).

Here, Mr. Mincey challenges facts contained in the Presentence Investigation Report, which the Court must consider in sentencing. Specifically, Mr. Mincey challenges the Report's use of MDMA as an analogue for Methylone and the ratio used to convert Methylone to MDMA. Mr. Mincey notes that Probation's conversion of Methylone to MDMA at a one to one ratio results in eight points being added to his base offense level, increasing Mr. Mincey's sentencing guideline exposure between twenty-five and twenty-seven months. Because the determinations made by Probation as to Methylone's analogue and conversion ratio could ultimately increase the penalty to which Mr. Mincey is exposed, Mr. Mincey contends that these facts should be determined by a jury beyond a reasonable doubt.

In support of his argument, Mr. Mincey relies on Apprendi and Alleyne. In Apprendi, the United States Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the *prescribed statutory maximum* must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. The Supreme Court extended this holding to

3

any fact that increases a *mandatory minimum sentence* in <u>Alleyne</u>.  133 S.Ct. at 2155.

The body of law presented by Mr. Mincey is inapplicable to the facts of this case.  Neither a mandatory minimum penalty nor an increased statutory penalty is at issue.  Rather, the facts in dispute are relevant to the applicable *advisory* guideline range for sentencing Mr. Mincey.  These facts should be determined by the Court, prior to sentencing, by a preponderance of the evidence.  When a drug is not specifically referenced in the drug-quantity table under U.S.S.G. § 2D1.1(c), the "district court is tasked with converting the quantity of the controlled substance to its equivalent in marijuana by using the marijuana equivalency of the 'most closely related controlled substance referenced in this guideline.'" <u>United States v. Brey</u>, 627 Fed.Appx. 775, 780 (11th Cir. 2015) (citing U.S.S.G. § 2D1.1 cmt. n.6 & n.8(A)).  The authority to determine whether Methylone has an analogue, what that analogue is, and what the proper conversion ratio is rests with the Court at sentencing.

## III.   CONCLUSION

For the forgoing reasons, Mr. Mincey's Motion for a Jury Trial (Doc. 62) is denied.

**SO ORDERED**, this the 11th day of April, 2016.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les